EASTERN SPEEDWAYS, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. THE HAMILTON TRUST COMPANY, A BANKING CORPORATION, DEFENDANT-APPELLANT.

Argued May 18, 1939—Decided September 22, 1939.

For the defendant-appellant, *Harry Meyers* and *Fred G. Stickel.*

For the plaintiff-respondent, *A. Leon Kohlreiter* and *Archibald Kreiger.*

The opinion of the cout was delivered by

BODINE, J. The defendant appeals from a judgment in favor of the plaintiff in the sum of $5,330.22, together with interest and costs. The case was tried before the court without a jury upon an agreed state of facts. The plaintiff company commenced the conduct of automobile races at the Nutley Velodrome. Its president had promoted other sporting events and had kept the bank account of his other ventures with the defendant. It was the practice for one of the bank tellers to be present at each sporting event. From the cash receipts, the expenses for prizes, salaries, &c., were

deducted. The net balance, together with a statement, was handed to the bank's representative, who took the same to Paterson and left the bag in the bank vault. The next day it was counted and entered in the depositor's book. The arrangement being satisfactory it was adopted when the present plaintiff opened its account with the defendant.

A bank officer stated to the plaintiff's officer arranging for the account, that the bank would be absolutely responsible from the time its officer received the deposit because of insurance carried. Mr. Archie Phillips, a bank teller, was selected to take care of the plaintiff's deposits when received at the velodrome. He was also secretary-treasurer of the plaintiff company.

On Sunday evening, August 28th, 1938, a championship race was held in Nutley. After deducting all necessary expenses, the sum of $5,204.43 in cash was handed to Phillips. He put this money in a bag and in company with others started to drive to the defendant's banking house. While en route, about one-thirty o'clock on the following morning, August 29th, 1938, he was held up on Main avenue in Clifton by unknown persons and robbed of the entire sum. Plaintiff had judgment for this loss.

The practice of receiving deposits at a place other than defendant's banking house is a poor practice and perhaps *ultra vires*. But such defense is not allowed where it would defeat the ends of justice and work a legal wrong. *Earle* v. *American Sugar Refining Co.*, 74 *N. J. Eq.* 751; *Hudson, &c., Loan Association* v. *Horowytz*, 116 *N. J. L.* 605, and cases collected in *Downs* v. *Jersey Central Power Co.*, 115 *N. J. Eq.* 348; *affirmed*, 117 *Id.* 138.

The findings of the trial judge find support in the agreed statement. Other points of law argued by the appellant, critically examined, are without merit.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—THE CHANCELLOR, CASE, PORTER, JJ. 3.